**UNITED STATES of America ex rel. Edward F. THOMAS, a/k/a Oscar Jackson, Petitioner-Appellant,**

**v.**

**Frank J. PATE, Warden, Illinois State Penitentiary, Respondent-Appellee.**

**No. 14955.**

United States Court of Appeals Seventh Circuit.

Oct. 5, 1965.

Rehearing Denied Nov. 1, 1965. En Banc.

John E. Allen, Howard Friedman, Chicago, Ill., for appellant.

William G. Clark, Atty. Gen., Richard A. Michael, Asst. Atty. Gen., Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and KNOCH and SWYGERT, Circuit Judges.

KNOCH, Circuit Judge.

Edward F. Thomas also known as Oscar Jackson filed his petition for writ

of habeas corpus in the United States District Court. Motion of the respondent, Frank J. Pate, Warden, Illinois State Penitentiary, to dismiss was allowed and the petition was dismissed by an order citing Title 28 United States Code, § 2244, which provides:

§ 2244. Finality of determination

No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States, or of any State, if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus and the petition presents no new ground not theretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry. June 25, 1948, c. 646, 62 Stat. 965.

Petition to reconsider was denied and this appeal followed.

Petitioner contends that his claim has never been determined on the merits and that dismissal constituted an abuse of discretion.

The initial petition for habeas corpus is not a part of the record before us, but from the current petition for writ of habeas corpus it appears that petitioner presented the same grounds to the District Court as are set forth here.[1]

The respondent at that time urged that the application for writ of habeas corpus was vague, contradictory, uncertain, and failed to set forth a cause of action upon which the District Court's jurisdiction could or should be invoked. The current petition states that the initial petition was denied by the District Court for "lack of jurisdiction."

Petitioner asserts that he was denied his Constitutional right to a speedy trial.

The facts are largely undisputed. In April, 1940, after a hearing before a jury in the County Court of Vermillion County, Illinois, petitioner was found insane and was committed to the State Hospital in Kankakee, Illinois. In July of that same year, he left the State Hospital without authorization. According to a letter dated December 12, 1944, from the Superintendent of the State Hospital at Kankakee, which is a part of the record prepared by the petitioner, he escaped from that institution, and was readmitted December 17, 1943, by commitment in the regular order from the Vermillion County Court, and transferred the same day to the Illinois Security Hospital at Menard, Illinois. Another item in that record is a letter from the Chief Social Worker of the Social Service Department of the State Hospital at Kankakee indicating that petitioner left the institution on "unauthorized absence" in July, 1940.

The record also includes the petitioner's reproduction of his State habeas corpus hearing in the Circuit Court of Vermillion County, Illinois, in 1945, from which it appears that after hearing sworn evidence, the Court there found that petitioner was lawfully held in the custody of the Illinois Security Hospital at Menard, Illinois.

In September, 1943, petitioner was arrested on an unrelated charge, at Waukegan, Illinois, and placed in the Lake County Jail. He was subsequently indicted by the Winnebago County Grand Jury for the crimes of rape and robbery committed near Rockford, Illinois.

Petitioner argues that because of the lapse of time, a new sanity hearing was obligatory in the fall of 1943 when he was indicted. Petitioner disregards the fact that he had never been officially released from custody, that his adjudication of insanity had never been reversed, and

---

1. Petitioner presented his second petition on the new form used in the District Court for the Northern District of Illinois for prisoners in State custody, which has been designed to elicit all the pertinent facts.

that he was at large only because he escaped from the institution at Kankakee.

On July 1, 1948, the Circuit Court of Randolph County, Illinois, ordered petitioner released from the institution at Menard on a finding that he was sane at that time. He was arrested by the Winnebago County authorities on the basis of the 1943 indictment, subsequently tried and convicted on both counts, and on October 29, 1948, he was sentenced to serve 35 years on one count and 10 to 20 years on the other.

He feels that he was unlawfully detained from 1943 until 1948 in the Illinois Security Hospital at Menard and that his trial was unreasonably delayed to his prejudice.

■ We are not satisfied that dismissal of petitioner's first petition for writ of habeas corpus on these grounds was not "determined on the merits." We find no showing of an abuse of discretion by the District Court.

Nevertheless, the record is before us and we have carefully studied it.

■ The petitioner had been adjudicated insane. Delay in trial until he was adjudicated sane was not unreasonable delay. There was no violation of his Constitutional right to a speedy trial. Germany v. Hudspeth, 10 Cir., 1954, 209 F.2d 15, 19, cert. den. 347 U.S. 946, 74 S.Ct. 644, 98 L.Ed. 1094.

The Court wishes to express its appreciation of the services rendered by Mr. John T. Allen and Mr. Howard Friedman of the Illinois bar who skillfully represented petitioner-appellant in this Court as Court-appointed counsel and whose efforts in this regard were in the highest traditions of the bar.

Affirmed.

SWYGERT, Circuit Judge (dissenting).

I must respectfully dissent. Petitioner alleged in his habeas application that he was indicted in Winnebago County, Illinois, in 1943 and that as a result of the efforts of the county authorities he was unlawfully confined in the Illinois Security Hospital until 1948, when, after release, he was tried and convicted. He claimed that the delay in bringing him to trial was so unreasonable as to contravene the due process clause of the fourteenth amendment. The district judge dismissed the petition, citing 28 U.S.C. § 2244. An earlier habeas petition, presented to the same judge and alleging the same facts, was denied for "lack of federal jurisdiction." Such disposition necessarily implies that the merits of the claim were not considered.

Since there has never been a hearing on the merits of petitioner's claim of a denial of his constitutional right to a speedy trial, today's affirmance of the district court's ruling based on section 2244 ignores the holding in Sanders v. United States, 373 U.S. 1, 12, 83 S.Ct. 1068, 1075, 10 L.Ed.2d 148 (1963). There the Supreme Court said, "§ 2244 is addressed only to the problem of successive applications based on grounds previously *heard* and *decided.*" (Emphasis added.)

The function of an appellate court is to review a lower court's ruling, not to decide questions de novo. Yet it appears that this court has undertaken an original determination with respect to the merits of petitioner's claim.

I would reverse and remand for an evidentiary hearing in the district court. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).