In the Matter of FRANCIS J. WATTS, Petitioner, v. SUPREME COURT OF THE STATE OF NEW YORK, CRIMINAL TERM, COUNTY OF TIOGA, et al., Respondents.

Third Department, February 11, 1971.

18

Betty D. Friedlander (Charles S. Desmond of counsel), for petitioner.

Louis J. Lefkowitz, Attorney-General (Ruth Kessler Toch and Douglas S. Dales, Jr., of counsel), for respondents.

Andrew F. Siedlecki, District Attorney of Tioga County.

Per Curiam. Petitioner has applied for an order pursuant to article 78 of the CPLR prohibiting respondents from trying him on an indictment, dated May 18, 1960, charging him with the crimes of murder in the first degree and assault in the first degree, both relating to an incident which occurred on April 16, 1960. He had been confined to Binghamton State Hospital on April 20, 1960 for examination and observation and was subsequently found incompetent to stand trial. On June 1, 1960 he was transferred to Matteawan State Hospital, where he remained until June 9, 1970. On that date he was returned to the Tioga County Jail and, on October 12, 1970, he was found competent to stand trial. Petitioner, on December 11, 1970, moved to dismiss the indictment on the same ground as alleged herein. Such motion was denied by order dated January 15, 1971. Thereafter, petitioner instituted this proceeding and, on January 20, 1971, obtained a stay of proceedings pending this determination.

Petitioner alleges that the delay of more than 10 years in bringing him to trial after the crime was committed and he was indicted violated his right to a speedy trial. He does not contend that his confinement at Matteawan was wrongful, and during such period no action was taken by either petitioner or his counsel (who was the same then as now) seeking to have petitioner declared competent so that he could stand trial.

The threshold question which must be considered is whether petitioner is entitled to use the extraordinary remedy of a writ of prohibition. It is sufficient to say that " not all constitutional issues are cognizable by way of prohibition " and " the writ does not lie where the claim is a denial of the right to a speedy trial " (Matter of Lee v. County Court of Erie County, 27 N Y 2d 432, 437; Matter of Blake v. Hogan, 25 N Y 2d 747, 748). However, this does not preclude further consideration of the question, since petitioner's counsel requested that this application be considered alternatively as one for a writ of habeas corpus.

The ultimate question in the instant case is whether the delay in petitioner's trial until he was adjudicated competent to stand trial, which here extended for more than 10 years, violated his right to a speedy trial. The right to a speedy trial is guaranteed by the Sixth Amendment to the Constitution of the United States and the governing standards are made obligatory upon the States by the due process clause of the Fourteenth Amendment (*Dickey* v. *Florida,* 398 U. S. 30, 36–38; *Smith* v. *Hooey,* 393 U. S. 374; *Klopfer* v. *North Carolina,* 386 U. S. 213; *People* v. *Winfrey,* 20 N Y 2d 138). In New York, it is also a statutory right (Code Crim. Pro., §§ 8, 668; Civil Rights Law, § 12). The purposes of the guarantee are threefold: it protects the accused, if held in jail to await trial, against prolonged imprisonment; it relieves the accused of the anxiety and public suspicion upon him; and it prevents him from being exposed to the hazard of a trial after so great a lapse of time, thereby helping, for example, to prevent against the loss of witnesses or the dulling of memory (*People ex rel. La Belle* v. *Harriman,* 35 A D 2d 13, 14; *People* v. *Prosser,* 309 N. Y. 353, 356).

In New York, as elsewhere, the issue of whether the right to a speedy trial has been complied with is answerable by a determination of whether the delay was reasonable; whether the defendant was "unreasonably deprived * * * of his constitutional and statutory right to a prompt trial". (*People* v. *Ganci,* 27 N Y 2d 418, 421.) Here, the delay was not attributable to any failure or inadvertence of the prosecutor who was ready for trial but for the incompetency of the petitioner (see *People* v. *Ganci, supra*). Rather, the delay was occasioned by the protection of petitioner's constitutional rights. Conviction of a defendant while he is mentally incompetent to stand trial violates due process and State procedures must adequately protect his right (*Pate* v. *Robinson,* 383 U. S. 375; *Bishop* v. *United States,* 350 U. S. 961; *United States* v. *Follette,* 367 F. 2d 559). It seems incongruous that one can complain because his rights were being protected. Surely a delay, however long, caused by such protection cannot be considered an unreasonable deprivation of the right to a speedy trial or a violation of due process. (*United States ex rel. Thomas* v. *Pate,* 351 F. 2d 910, 912, cert. den. 383 U. S. 962; *Germany* v. *Hudspeth,* 209 F. 2d 15, 19, cert. den. 347 U. S. 946; see, also, *Nickens* v. *United States,* 323 F. 2d 808, cert. den. 379 U. S. 905; but, see, *Williams* v. *United States,* 250 F. 2d 19.)

Protection of one of an accused's constitutional rights will not necessarily cause the violation of another. Since "our concern with justice * * * mandates that constitutional

rights be safeguarded and that procedures evolve which protect the interests of both society and defendants alike '', where rights conflict the two interests should be balanced. And, both must be given a reasonable construction so that both are preserved to a reasonable extent. (*Matter of Lee* v. *County Court of County of Erie,* 27 N Y 2d 432, *supra.*) This approach is amply satisfied by the New York procedure. A defendant is entitled to a speedy trial. However, if he is mentally incompetent to stand trial, he is prevented from standing trial (in protection of his rights) until such time as he regains his competency to stand trial. At such time, however, he must be afforded a speedy trial in protection of his right. This, combined with the fact that such time spent in an institution will be calculated as part of the term of the sentence ultimately imposed (Penal Law, § 2193; revised Penal Law, § 70.30), and the procedures within the Code of Criminal Procedure (see, e.g., § 662–b) adequately safeguard petitioner's rights and sufficiently preserve both constitutional interests. The delay in petitioner's trial until he was adjudicated competent to stand trial did not violate his constitutional right to a speedy trial.

The proceeding should be dismissed and the application for a writ of habeas corpus denied, without costs.

HERLIHY, P. J., REYNOLDS, GREENBLOTT, COOKE and SIMONS, JJ., concur.

Proceeding dismissed and application for writ of habeas corpus denied, without costs.