■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAH KHAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Felig, J.), rendered December 9, 1986, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The complainant testified that the defendant struck her repeatedly with a gun, and the complainant's co-worker testified that immediately prior to the incident, she had searched the complainant's handbag pursuant to the policy of the store at which they were employed and did not find a gun therein. Moreover, the defendant was alone in the apartment at which he was arrested,

while in possession of the complainant's handbag, for a period of approximately 15 minutes before surrendering. Thus, the jury could reasonably conclude that he placed the gun in the complainant's handbag prior to surrendering. Moreover, the evidence at trial established that the weapon was both loaded and operable. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

We reject the defendant's claim that he was denied his statutory right to a speedy trial pursuant to CPL 30.30. Contrary to the defendant's contention, the record demonstrates that the People exercised due diligence in attempting to secure the presence of their key witness (see, People v Zirpola, 57 NY2d 706, 708; CPL 30.30 [4] [g]). Upon learning that the witness was living in Florida and was reluctant to testify, the People immediately prepared a material witness order, had it signed, and forwarded it to the office of the Florida State Attorney (cf., People v Meyers, 114 AD2d 861). These facts establish that the People did indeed exercise due diligence. The fact that the material witness order did not initially contain a date certain for trial, allegedly resulting in a short postponement of the Florida material witness hearing, is of no consequence under the circumstances presented. No additional burden need be borne by the People other than a showing of due diligence to make the witness available (see, People v Zirpola, supra; People v Marshall, 91 AD2d 900, 901). Similarly unavailing is the defendant's claim that his constitutional right to a speedy trial was violated (see generally, People v Taranovich, 37 NY2d 442; People v O'Shaughnessy, 118 AD2d 876, lv denied 68 NY2d 759).

We further conclude that the sentencing court properly considered the defendant's subsequent arrest on other charges and information regarding immigration fraud in reaching an appropriate sentence. It is well established that in reaching a sentencing determination, the court may consider not only prior offenses for which the defendant was convicted, but even offenses for which he had not been convicted (see, Williams v New York, 337 US 241, reh denied 337 US 961, 338 US 841; People v Shapiro, 141 AD2d 577; People v Whalen, 99 AD2d 883). As the sentence imposed upon the defendant was within the bounds of the applicable sentencing statute and was not excessive under the circumstances of this case, we decline to disturb it (see, People v Farrar, 52 NY2d 302; People v Suitte, 90 AD2d 80).

We have reviewed the defendant's remaining contentions,

including those raised in his supplemental *pro se* brief, and find them either to be unpreserved for appellate review or without merit. Mollen, P. J., Bracken, Sullivan and Harwood, JJ., concur.