■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMANUEL HANCOCK, Appellant.—The appeal from a judgment of the Supreme Court, New York County (Herbert Altman, J., on the motion to dismiss; Leon Becker, J., at trial), rendered February 11, 1986, convicting the defendant, after a jury trial, of attempted grand larceny in the second degree and sentencing him to an indeterminate term of 2 to 4 years, is held in abeyance pending the proper determination on remand of defendant's motion pursuant to CPL 30.30 to dismiss the indictment.

The defendant moved to dismiss the indictment pursuant to CPL 30.30, alleging that there had been a delay of more than six months in bringing his case to trial, the criminal complaint having been filed against him some 13 months before. As the People commendably concede, a delay of more than six months having been shown by the defendant, it was their burden to demonstrate that the delay was not properly chargeable to them (see, People v Berkowitz, 50 NY2d 333). They concede further that they were required to respond to the motion in writing and did not do so (see, People v Gruden, 42 NY2d 214), and that the motion was improperly denied in the absence of a written response. It is the defendant's contention that the People's failure to respond requires the grant of the motion and dismissal of the indictment. The record, however, indicates that the People had every intention of responding to the motion and that, on the return date, they requested a short adjournment in order to secure the affidavit of a material witness which they believed necessary to complete their response. That the court, notwithstanding the People's request for an adjournment, erroneously proceeded to decide the motion, is not indicative of any indiligence on the People's part and we think ought not to foreclose the People from litigating the motion. Accordingly, we think that the proper course in these circumstances is to hold the appeal in abey-

ance and remand the matter in order to afford the People an opportunity to respond properly to the motion. If the response is sufficient to raise factual issues, an evidentiary hearing should be held pursuant to CPL 210.45 (6) *(see, People v Vinh Minh Cao,* 136 AD2d 472). Concur—Murphy, P. J., Carro, Rosenberger, Kassal and Smith, JJ.