(May 28, 1991)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMANUEL HANCOCK, Appellant.—Judgment, Supreme Court, New York County (Leon Becker, J., at jury trial and sentence; Herbert Altman, J., on speedy trial motion), rendered February 11, 1986, convicting defendant of attempted grand larceny in the second degree, and sentencing him to an indeterminate term of imprisonment of 2 to 4 years, unanimously affirmed.

This case was held in abeyance pending determination of defendant's motion to dismiss the indictment pursuant to CPL 30.30. *(People v Hancock,* 161 AD2d 108.) The motion was denied upon the finding that, at most, 130 days of delay were chargeable to the People. We now affirm. Although an additional period of 22 days, between indictment and arraignment, is chargeable to the People as conceded *(People v Correa,* 77 NY2d 930), the People nevertheless were well within their statutory time frame. The District Attorney was under no obligation to produce the Grand Jury minutes until ordered to do so, and he was entitled to a reasonable time to get them once the court directed their production. *(People v Wallace,* 100 AD2d 634, *appeal dismissed* 63 NY2d 1035, *rearg denied* 65 NY2d 638.) The contested periods of time due to the complainant's unavailability were properly excluded, as her extended pregnancy was a special circumstance. (CPL 30.30 [4] [g].) Defendant consented to or waived objection to the remaining periods of delay that he contests on appeal. (CPL 30.30 [4] [b]; *People v Lawrence,* 64 NY2d 200, 205.)

We find no merit in defendant's claim that his guilt was not established beyond a reasonable doubt. Concur—Murphy, P. J., Carro, Rosenberger, Kassal and Smith, JJ.