■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRAVIS HINSON, Appellant. [610 NYS2d 578] —Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered June 2, 1992, convicting him of criminal sale of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied his statutory right to a speedy trial (see, CPL 30.30 [1] [a]). We disagree. A sealed indictment was filed on February 19, 1991, and the People answered that they were ready for trial on September 12, 1991. While this time period exceeds the six month statutory mandate, we find that the time period between February 19, 1991, and March 28, 1991, when the People attempted to execute a warrant, was properly excluded. The sealed indictment handed down against the defendant was only one of approximately 40 indictments handed down by the Grand Jury during a large-scale narcotics investigation which began in October 1990. The last indictment was handed down on March 22, 1991, after which a large-scale sweep arrest was conducted to ensure the arrest of a maximum number of defendants. The delay in executing the warrant was therefore attributable to an ongoing investigation and was properly excluded from the time utilized to compute the speedy trial rule (see, People v Washington, 43 NY2d 772; see also, People v Capparelli, 68 AD2d 212).

We find the defendant's remaining contention to be without merit (see, People v Gaimari, 176 NY 84; People v Garafolo, 44 AD2d 86; CPL 470.15). Thompson, J. P., Copertino, Pizzuto and Santucci, JJ., concur.