■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD BELGRAVE, Appellant. [641 NYS2d 96] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered July 15, 1993, convicting him of rape in the first degree (two counts), sodomy in the first degree (four counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In denying the defendant's motion to dismiss the indictment based upon the alleged deprivation of his right to a "speedy trial" (CPL 30.30), the court properly excluded a period of time during which the parents of the infant complainants were out of the country and thus unavailable to appear for a Grand Jury proceeding (*see,* CPL 30.30 [4] [g]).

The record reveals that in light of a scheduled Grand Jury proceeding, the prosecutor called the complainants' parents and left a message on their answering machine indicating that they were needed to testify at the Grand Jury. When the prosecutor received no response, she made further inquiries and ascertained that the complainants and their family had left the country for a vacation in Trinidad. The prosecutor, who had no prior knowledge of the vacation, then left another telephone message and also sent the parents a letter instructing them to contact her as soon as they returned. When the parents returned, the complainants' mother contacted the prosecutor and the Grand Jury proceeding was conducted shortly thereafter. We find that the witness' absence constituted an exceptional circumstance within the meaning of CPL 30.30 (4) (g) (*cf., People v Khan,* 146 AD2d 806). Moreover, the prosecutor's conduct in attempting to secure their attendance satisfied the due diligence requirement of the statute (*see, People v Khan, supra; see also, People v Zirpola,* 57 NY2d 706, 708; CPL 30.30 [4] [g] [i]).

The defendant's remaining contentions are unpreserved for appellate review or lacking in merit. Thompson, J. P., Sullivan, Pizzuto and McGinity, JJ., concur.