■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALLEN WOMACK, Respondent. [645 NYS2d 16] —Order, Supreme Court, New York County (Carol Berkman, J.), entered November 10, 1992, which dismissed the indictment on statutory speedy trial grounds, unanimously reversed, on the law, and the indictment reinstated.

The 43 days of the arresting officer's unavailability due to maternity leave were excludable delay pursuant to CPL 30.30 (4) (g). Consequently, the People answered ready within the statutory period and the motion to dismiss should have been denied. The People successfully met their burden of establishing that the officer was an unavailable material witness, whom they reasonably believed would become available soon, and whom they were diligent in attempting to produce at trial (*see, People v Zirpola*, 57 NY2d 706). They demonstrated that her testimony was critical in establishing the chain of custody of crucial physical evidence; that she was actually unavailable, based upon the date she gave birth and the necessary period of recovery immediately thereafter; that they were diligent in answering ready prior to the witness' unavailability; and that, during the period of unavailability, they diligently kept themselves and the court apprised of her expected return date. Under the circumstances, this constituted due diligence (*see, People v Celestino*, 201 AD2d 91, 95; *People v Pomales*, 159

AD2d 451, *lv denied* 76 NY2d 847; *People v Hancock*, 173 AD2d 377, *lv denied* 78 NY2d 1011), and readily distinguishes this situation from those in cases cited by defendant.

We have reviewed defendant's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Wallach, Rubin, Williams and Mazzarelli, JJ.