■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEVELAND MORGAN, Appellant. [687 NYS2d 192] —Carpinello, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered January 16, 1998, upon a verdict convicting defendant of the crimes of robbery in the second degree, burglary in the second degree (two counts) and criminal possession of a weapon in the third degree.

On the afternoon of January 23, 1997, defendant entered the apartment of Louis Cajuste, pointed a gun at him and stole his jacket which contained a substantial amount of cash. After firing the gun into a wall, defendant fled. Following a jury trial, defendant was convicted of burglary in the second degree (two counts), robbery in the second degree and criminal possession of a weapon in the third degree. Sentenced to concurrent prison terms of 7½ to 15 years on the robbery and burglary convictions and 3½ to 7 years on the possession of a weapon conviction, defendant appeals.[1]

We turn first to defendant's claim that County Court erred in denying his motion to dismiss the indictment on the ground that his right to a speedy trial was violated when the People failed to declare their readiness for trial within six months of the January 23, 1997 commencement of the action. A delay between the filing of a felony complaint and subsequent indictment due to the unavailability of a material witness may be excused as an "exceptional circumstance" (CPL 30.30 [4] [g]) if the People attempted with due diligence to make the witness available (see, *People v Zirpola*, 57 NY2d 706, 708). Here, the People argue that the 126-day period from February 7, 1997 through June 12, 1997 is not chargeable to them since Cajuste was unavailable to testify during this period and they exercised due diligence in trying to locate him. We agree.

The unrefuted evidence at the CPL 30.30 hearing indicates that Detective Francis Abitabile of the City of Hudson Police Department in Columbia County informed Cajuste at the Feb-

---

1. Although running concurrently with each other, defendant's sentences run consecutively to a sentence he is serving for another crime.

ruary 4, 1997 preliminary hearing "not to leave the area because he would have to testify before a Grand Jury". Cajuste, however, left for Florida three days later. When Abitabile attempted to contact him in Florida concerning the March 4, 1997 Grand Jury, he learned that Cajuste had in fact left the country and gone to Haiti. Abitabile informed Cajuste's mother that it was urgent that her son return to Hudson to testify before the Grand Jury. Although his mother did not know where to contact Cajuste in Haiti, she assured Abitabile that she would convey this message to her son when he contacted her.

Abitabile thereafter kept in regular contact with Cajuste's family in an effort to speak with him about testifying. When Cajuste finally returned to Hudson on June 12, 1997, he immediately contacted the Hudson police and testified before the Grand Jury 3½ weeks later. We find that Cajuste's unexpected departure from the country constituted an exceptional circumstance within the meaning of CPL 30.30 (4) (g) and that the People exercised due diligence in attempting to secure his return to Hudson (*see, People v Belgrave*, 226 AD2d 550, *lv denied* 88 NY2d 964; *cf., People v Thomas*, 210 AD2d 736, 737-738). This being the case, this period of delay was excludable (*cf., People v Figaro*, 245 AD2d 300, 300-301; *People v Meyers*, 114 AD2d 861, 862-863). Since the People indicated their readiness, at the latest, on September 2, 1997, dismissal of the indictment pursuant to CPL 30.30 (1) (a) was not required.

Defendant further contends that County Court erred in ruling that Cajuste could make an in-court identification of him despite its finding that a photo array shown to Cajuste was unduly suggestive. The testimony adduced at the *Wade* hearing provided ample support for the court's determination that Cajuste's observation of defendant during the commission of the crime provided an independent basis for his in-court identification (*see, People v Rahming*, 26 NY2d 411, 417; *People v Quinones*, 228 AD2d 796, 797). Cajuste had an opportunity to view defendant at close range under "bright clear" lighting conditions for a period of approximately six minutes (*see, e.g., People v Weiner*, 226 AD2d 757, 758; *People v Stacey*, 173 AD2d 960, 961, *lv denied* 79 NY2d 832; *People v Carter*, 158 AD2d 851, 852). Significantly, Cajuste testified that he stood "face to face" with defendant during which time he was able to get a "good look" at his face, eyes and entire body.

We are also unpersuaded by defendant's contention that the jury's verdict was not supported by legally sufficient evidence or was against the weight of the evidence. Cajuste's trial

testimony established that defendant entered his apartment without permission "screaming" for money. According to Cajuste, defendant had a small revolver in his hand which he pointed at him as he looked around. Defendant then took Cajuste's coat, fired one shot from the gun and left. Viewing the evidence in a light most favorable to the People (*see, People v Thompson*, 72 NY2d 410, 413) and applying the test of whether there was "any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime[s] charged" (*People v Bleakley*, 69 NY2d 490, 495 [citation omitted]), it is our view that the foregoing testimony, in addition to evidence that defendant had a prior criminal conviction,[2] provided ample support for the jury's verdict convicting defendant of robbery in the second degree (*see*, Penal Law § 160.10 [2] [b]), burglary in the second degree (*see*, Penal Law § 140.25 [1] [d]; [2]) and criminal possession of a weapon in the third degree (*see*, Penal Law § 265.02 [1]). Likewise, upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence (*see*, CPL 470.15 [5]; *see also, People v Bleakley, supra*, at 495).

Having determined that the judgment of conviction has been rendered based upon legally sufficient trial evidence, appellate review of the claim alleging insufficiency of the Grand Jury evidence is barred (*see*, CPL 210.30 [6]; *see also, People v Wilson*, 255 AD2d 612, 613-614; *People v Tillie*, 239 AD2d 670, 673, *lv denied* 91 NY2d 881). Finally, we have considered defendant's remaining contentions, including the claims that he was denied a fair trial when the People introduced evidence outside their bill of particulars, that County Court erred in dismissing a juror and that his sentence was an abuse of discretion, and find them to be lacking in merit.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.

---

2. An element of criminal possession of a weapon in the third degree under Penal Law § 265.02 (1) is a previous conviction for "any crime".