OPINION OF THE COURT
Phylis Skloot Bamberger, J.
The defendant was arrested on August 10, 1998 and arraigned in criminal court the following day. He was subse *943 quently indicted on charges of attempted murder in the second degree (two counts), assault in the first degree (two counts), assault in the second degree, criminal possession of a weapon in the third and fourth degrees, and reckless endangerment in the first degree. On March 14, 2000 the defendant made a motion pursuant to CPL 30.30 to dismiss the charges because the People were not ready for trial in a period in excess of six months from the commencement of the action (CPL 30.30 [1] [a]). (After full analysis of all time periods, the motion to dismiss is denied. One time period raises a significant issue.)
On December 7, 1999 both sides announced ready and the matter was transferred to this court for hearings and trial. When the parties appeared before this court, the prosecutor advised the court that the two detectives, AB and AO, needed for the hearing and trial had become unavailable several days earlier. The daughter of Detective AO had been killed in Florida in an automobile accident on November 29, 1999. Detective AB was on an “employee relations” assignment hi order to assist Detective AO with the necessary arrangements. The prosecutor stated AO would probably not be available until sometime in January 2000 and AB not until mid-December 1999. The Assistant District Attorney requested an adjournment until January 13, 2000; the case was adjourned to January 14, 2000 for hearings to be followed by trial. This court made no decision about calculating time for CPL 30.30 purposes because of the possibility of applying the exceptional circumstance exclusion. (CPL 30.30 [4] [g].)
The record on the issue of exceptional circumstances was amplified in the People’s response to the CPL 30.30 motion. Attached to that response was an affidavit from Detective AB dated April 3, 2000, which stated: “On November 29, 1999, I was detailed by the New York City Police Department (under a designation called ‘Employee Relations’) to assist my partner, Detective [AO] with all of the arrangements and details necessary in connection with the sudden death of her daughter in an automobile accident which occurred in Florida. I was not able or available to come to Court until December 23, 1999. Detective [AO] did not return to her duties until January 14, 2000.”
On April 11 and 13, 2000, the court invited further written submissions and scheduled a hearing for April 21, 2000. On April 25, 2000, the prosecutor filed with this court an affidavit from Detective AO. She stated that she and Detective AB were the detectives assigned to this case. She further stated that on November 29, 1999 her 18-year-old daughter was killed in *944 Florida, and she was not at work from November 29, 1999 to January 18, 2000. In that period, she traveled to Florida and then to New York for the funeral, and was not physically or mentally able to go to her office, to court, or to the prosecutor’s office. Often she was unable to leave her home because of stress and emotion. After her return to work, she took additional days off due to her grief.
Defense counsel asked for additional time to respond to the affidavit but did not file any further papers. He then asked for an adjournment until May 5, 2000 for further argument. This was granted. Counsel did not controvert the assertions in the affidavits of the detectives.
The People have the burden of proving “exceptional circumstances” under the statute. (People v Zirpola, 57 NY2d 706 [1982].) The People demonstrated that Detective AO was unavailable from November 29, 1999 to January 18, 2000 due to exceptional circumstances, that she was available within a reasonable time, and that her testimony was material to the case. (CPL 30.30 [4] [g] [i].) Detective AO’s circumstances were indeed extraordinary. It hardly needs stating that the death of a child is devastating. If the circumstances involved in the birth of a child justify exclusion of time (People v Womack, 229 AD2d 304 [1st Dept 1996], affd 90 NY2d 974 [1997]), surely the death of a child does.
It was also reasonable for Detective AO to be away from her work for six weeks recovery after the sudden death of her daughter. (People v Mack, 176 Misc 2d 306, 312-313 [Sup Ct, Bronx County 1998] [emotional and psychological trauma can constitute unavailability].)
Although at first the prosecutor was not diligent in finding out that the witness was unavailable, she did quickly learn the date the detective was expected to be able to appear. All possible due diligence under the circumstances was used. (People v Womack, 229 AD2d, supra, at 304-305.) Finally, because AO was the detective who investigated the case from the beginning, her testimony is material to the trial.
The defense argued that although Detective AO was properly absent, Detective AB’s absence was unnecessary, and that the hearing at which AB was a material witness could have been conducted before Detective AO returned. Therefore, the defense argued, AB was not unavailable so as to create an exceptional circumstance. The availability of Detective AB is irrelevant to the resolution of the issue here. CPL 30.30 is concerned with trial readiness, not readiness for pretrial hearings. (People v *945 Chavis, 91 NY2d 500, 505-506 [1998].) Accordingly, because Detective AO’s testimony was material for the trial and, in her absence, the People could not have proceeded to trial, the unavailability of Detective AB need not separately be shown to be an “exceptional circumstance.”
This 38-day period, between December 7, 1999 and January 14, 2000, is excluded.