■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HILBERT STANLEY, Respondent. [712 NYS2d 623] —Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Perone, J.), dated December 21, 1999, as, upon reargument, adhered to a prior determination in an order dated September 1, 1999, which granted the defendant's motion pursuant to CPL 30.30 (1) to dismiss the indictment.

Ordered that the order is affirmed insofar as appealed from.

The People failed to demonstrate that the 168-day period during which the victim remained in China was excludable since they did not satisfy the due diligence requirement of the statute (see, CPL 30.30 [3] [b]; [4] [g]; People v Zirpola, 57 NY2d 706; cf., People v Belgrave, 226 AD2d 550). There is no evidence to support the People's contention that the victim traveled to and remained in China to seek medical attention for the injuries she suffered as a result of the defendant's alleged assault (see, People v Marshall, 91 AD2d 900, 901; cf., People v Martinez, 268 AD2d 354; People v Pharr, 204 AD2d 126, 127).

Accordingly, the indictment was properly dismissed pursuant to CPL 30.30 (1). Ritter, J. P., Santucci, Florio and H. Miller, JJ., concur.