OPINION OF THE COURT
Per Curiam.
Order entered on or about August 5, 1999 reversed, on the law, defendants’ motion denied, accusatory instrument reinstated, and matter remitted to Criminal Court for further proceedings.
By felony complaint dated July 1, 1998, defendants where charged with riot in the first degree (Penal Law § 240.06), a class E felony, and related offenses, based upon their participation in a June 30, 1998 union protest demonstration that erupted into violence. In January 1999, after the People sought to reduce the first degree riot charge to second degree riot (Penal Law § 240.05), a class A misdemeanor, defendant moved to dismiss the accusatory instrument on speedy trial grounds, pursuant to CPL 30.30. Criminal Court granted the defendants’ speedy trial motion, charging the People with 188 days of includable time, in excess of the statutory limit (CPL 30.30 [5] [c]). On the People’s appeal, we find the entire period of disputed delay — consisting of the contiguous adjournment periods between July 1, 1998 and January 4, 1999 — to be excludable, and thus conclude that no CPL 30.30 violation was shown.
Exceptional circumstances existed to exclude the contested adjournment periods, which were directly attributable to the prosecution’s vigorous efforts to obtain media-generated videotape footage of the underlying protest activity. The prosecution’s efforts in this regard included the timely service of Grand Jury subpoenas upon various television news broadcasters and the successful opposition of the broadcasters’ consolidated motions to quash those subpoenas. CPL 30.30 (4) (g) expressly excludes from speedy trial consideration delays occasioned by “exceptional circumstances,” defined to include “the unavailability of evidence material to the people’s case, when the district attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available in a reasonable period.” As Criminal Court appropriately determined in this case, the District Attorney “acted with due diligence” and “in a timely fashion” (181 Misc 2d 522, 526) in subpoenaing the videotape evidence, evidence which the court correctly found could rea *226 sonably be expected to become available within a “reasonable period.” (Id.) Nor can it seriously be argued that the videotape evidence, depicting the events giving rise to these criminal prosecutions, was not “material to the people’s case” (CPL 30.30 [4] [g]). Even assuming, as Criminal Court appears to have determined, that the People’s primary objective in seeking the production of the subpoenaed videotapes was to uncover “evidence in connection with assaults upon officers at the scene” (181 Misc 2d, supra, at 526), that circumstance hardly serves to diminish the materiality of the videotapes to the underlying riot charges lodged against these defendants — charges based in part upon allegations that an “unidentified individual maced” one of the arresting officers at the crime scene.
The disputed adjournment periods, resulting from the prosecution’s ongoing investigation centered upon the subpoenaed videotapes, were excludable from speedy trial time under CPL 30.30 (4) (g) (see, People v Hinson, 203 AD2d 480, lv denied 84 NY2d 827; People v Capparelli, 68 AD2d 212). People v Washington (43 NY2d 772, 773-774), relied upon by the motion court, does not compel a contrary conclusion, since exceptional circumstances were there found not to exist on the basis of the prosecution’s “deficient” showing of “credible, vigorous activity” in pursuing its investigation.
Parness, P. J., Gangel-Jacob and Suarez, JJ., concur.