OPINION OF THE COURT
Charles J. Markey, J.
By motion dated July 10, 2001, defense counsel moves to dismiss the complaint alleging that the defendant’s statutory right to a speedy trial was violated. (See CPL 30.30.) The court rendered a decision and order, dated September 20, 2001, denying the motion to dismiss. The court determined that only 39 days should be charged to the People and found that both sides had been responsible for occasioning the delay.
Defendant Ana Maisonave makes an oral application to this court to reconsider its decision, because her reply memorandum of law, filed with the Clerk’s Office on September 14, 2001, had not been forwarded to this court and therefore had not been considered in rendering its decision.
*553 The Facts
The defendant resides with her two children, Victorious (born on March 21, 1987) and Annie (born August 7, 1984), at 226-31 Mentone Avenue, in the County of Queens. The Criminal Court complaint states that the defendant admitted to a police officer that she stored a loaded handgun atop her entertainment center. On April 2, 2001, her son Victorious allegedly bumped into the piece of furniture and the gun fell from its top. Her son fired the gun and sustained physical injury to his stomach from the recoil of the gun. The defendant, by a misdemeanor complaint, dated April 7, 2001, is accused of the crimes of endangering the welfare of a child (two counts) (Penal Law § 260.10), reckless endangerment in the second degree (Penal Law § 120.20), and harassment in the second degree (two counts) (Penal Law § 240.26).
The principal contention of the motion centers on the alleged inability of the People, to date, to secure a supporting deposition from the defendant’s children.
Upon Reargument
Having been supplied with the defense reply memorandum of law, the court will amend its original decision. In particular, the court previously accepted the statement of the prosecutor that the defendant Ana Maisonave refused to permit detectives from the Office of the Queens County District Attorney to interview her son, Victorious, who fired the gun and allegedly sustained physical injury from the weapon’s recoil. Defense counsel maintains, in the reply memorandum now being considered by the court, that his client was not responsible for thwarting the efforts of the prosecutor to secure the cooperation of Victorious, because it was the defendant’s minor daughter who answered the door on that occasion, explaining that her mother was at work.
Defendant further maintains that the People could have sought other ways to secure Victorious’s cooperation, whether by grant of immunity or with the help of the Corporation Counsel’s Office, but did not do so. Defendant also alleges that the People put Victorious in an untenable position of either actively helping the prosecution of his mother or being prosecuted on an alleged weapons charge.
Although defense counsel makes sincere and cogent arguments, the court finds that the circumstances of this case are not such that offend the principles and parameters of CPL 30.30. Recently, the Appellate Term, First Department, in *554 People v Spector (189 Misc 2d 224 [App Term, 1st Dept 2001], revg 181 Misc 2d 522 [Crim Ct, NY County]), in reversing the Criminal Court’s order that granted a motion to dismiss on statutory speedy trial grounds, stated:
“Exceptional circumstances existed to exclude the contested adjournment periods, which were directly attributable to the prosecution’s vigorous efforts to obtain media-generated videotape footage of the underlying protest activity. The prosecution’s efforts in this regard included the timely service of Grand Jury subpoenas upon various television news broadcasters and the successful opposition of the broadcasters’ consolidated motions to quash those subpoenas. CPL 30.30 (4) (g) expressly excludes from speedy trial consideration delays occasioned by ‘exceptional circumstances,’ defined to include ‘the unavailability of evidence material to the people’s case, when the district attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available in a reasonable period.’ ” (People v Spector, supra, 189 Misc 2d, at 225; accord, People v McLeod, 281 AD2d 325 [1st Dept 2001] [excluding period that apprehending officer was disabled]; Matter of Watts v Supreme Ct., 36 AD2d 17 [3d Dept], lv denied 28 NY2d 714 [1971] [delay occasioned by protection of petitioner’s rights should not be attributable to the prosecutor]; People v Williams, 2001 NY Slip Op 40072 [U] [compulsory military service by a material witness might, depending on the circumstances, constitute “exceptional circumstances”]; People v Valentin, 184 Misc 2d 942 [Sup Ct, Bronx County 2000] [police detective who had investigated case was absent from work for six weeks following the devastating effect to her of the death of her 18-year-old daughter in an automobile accident; court held the witness was material and the People demonstrated “exceptional circumstances”].)
Upon reconsideration, the court, under the circumstances of this case, believes that 60 days (from Apr. 7 to June 6, 2001) should be attributable to the People, as opposed to the original 39 days originally calculated. Specifically, in its original opinion, the court charged the People with the period of April 7, 2001, representing the arraignment, to May 9, 2001, when *555 the People became aware that its detectives were unsuccessful in contacting Victorious. The court, in the original decision, further charged the period with an extra week, from May 9 to May 16, for the People’s failure to take additional steps to secure the cooperation of its essential witnesses.
The court, upon reading the facts in the reply papers, determines that the People should be charged with the time from the April 7 arraignment extending up to the adjourn date of June 6, 2001. On such date, defense counsel provided the People with mistaken information, saying that an attorney named Lee Rosenberg, Esq., was appointed to represent Victorious, when, in fact, it was another attorney, Stanley Melnick, Esq., who had been appointed by a Family Court Judge to be the guardian ad litem of Victorious. When the People learned the identity of the real guardian ad litem, the People contacted Mr. Melnick on several occasions. Mr. Melnick advised the People’s representatives that he would be interviewing the child on July 18, 2001 and that no determination could be made until then.
The People should thus be charged with the time until June 6, 2001, because on that date, they started making significant efforts to obtain the cooperation of the purported and real guardian ad litem. (See People v Spector, 189 Misc 2d 224.) The defendant’s motion pursuant to CPL 30.30 was filed on July 10, 2001, during this interim period, and the filing of the motion tolled the time from running. (People v Lacey, 260 AD2d 309 [1st Dept], lv denied 93 NY2d 1003 [1999]; People v Shannon, 143 AD2d 572 [1st Dept], lv denied 73 NY2d 860 [1988]; People v Gonzalez, 181 Misc 2d 105, 110-112 [Crim Ct, NY County 1998]; People v Aragon, 177 Misc 2d 316 [Crim Ct, Bronx County 1998]; People v Williams, 146 Misc 2d 866 [Sup Ct, Bronx County 1990].) The 60 days charged to the People is below the statutory minimum requiring dismissal. (See CPL 30.30.)
Accordingly, the court grants the defendant’s motion to reargue, and, upon reargument, denies the defendant’s motion to dismiss.