OPINION OF THE COURT
John T. Hecht, J.
Defendant Mahamad Hashim was charged with felony assault and a number of lesser charges based on Karibul Mowla’s allegation that at approximately 10:53 p.m. on October 6, 2013, in Brooklyn, “defendant stated to [him] that defendant ‘was going to kill [him]’ and began slashing [him] on the neck and back with a kitchen knife.” The People subsequently dismissed the felony and retained the other charges.
Defendant now moves, pursuant to Criminal Procedure Law §§ 170.30 (1) (e) and 30.30 (1) (b), for an order dismissing this prosecution on speedy trial grounds. The People oppose. For the reasons that follow, the motion is granted.
Where, as here, a felony complaint is reduced to a misdemeanor information within 90 days of the commencement of the action, CPL 30.30 (5) (c) provides that the 30.30 (1) time frame is that associated with the most serious offense in the information (People v Cooper, 98 NY2d 541, 544 [2002]), in this case 90 days for the remaining “A” misdemeanors (see CPL 30.30 [1] [b]).
The People concede 27 days of post-readiness delay from April 23 to October 14, 2014 when they were not ready for trial and requested three adjournments (see People v Betancourt, 217 AD2d 462 [1st Dept 1995] [People charged only with time they request in the post-readiness context]). This excludes the adjournment from June 23 to September 3, when the People were ready for trial but defense was not.
At issue is whether the complainant’s subsequent absence from the United States provides the People with an excusable delay.
On September 19, the complainant informed the People that he would be leaving the United States for Bangladesh on September 23 and would be there for several months. Accordingly, on October 14, the People were not ready for trial and the case was adjourned to November 18.
*534 The People submitted an off-calendar statement of readiness on October 31, which stated,
“The People have been in continuous contact with the witness for this case and the People are ready to proceed. However, the complainant witness is outside the jurisdiction and control of the People at this time and the People will require a firm trial date with a[t] least two weeks’ notice to secure the witness’ presence at trial.”
On November 18, the People stated that they were ready for trial but that the complainant was out of the country and unavailable. The presiding judge sent the case to this trial part, where the then-presiding judge noted on the action sheet that the People were not ready for trial, presumably because the People’s witness was unavailable, and adjourned the case to February 3, 2015 for trial.
The People direct the court’s attention to CPL 30.30 (4) (g) and argue that the complainant’s absence was an “exceptional circumstance” under that paragraph as interpreted by People v Lopez (2 AD3d 234 [1st Dept 2003]), People v Mack (300 AD2d 254, 255 [1st Dept 2002]), People v Morgan (259 AD2d 771 [3d Dept 1999]), People v Belgrave (226 AD2d 550 [2d Dept 1996]), and People v Womack (229 AD2d 304 [1st Dept 1996]). The Appellate Division found that an arresting officer’s 43-day maternity leave in Womack and, in Mack, a complainant’s having become paralyzed before trial, constituted exceptional circumstances. No amount of due diligence on the part of the People could have resulted in those witnesses’ appearing in court for trial earlier than their respective situations allowed. In Lopez, similarly, the undercover officer’s unavailability was “due to a family crisis and its tragic conclusion” and was therefore an exceptional circumstance (2 AD3d at 234). In Belgrave, the witness had neglected to inform the Assistant District Attorney (ADA) that she was going away on vacation despite the ADA’s diligent efforts to secure the witness’s attendance by making several telephone calls, leaving voice messages and sending letters to the witness’s address. In Morgan, similarly, the witness unexpectedly left the country.
Here, in contrast, the People have not alleged that the complainant was unavailable due to medical or personal reasons that prevented him from returning to the United States to testify against his alleged assailant. Nor have the People shown evidence of due diligence aside from the claim of *535 continuous contact (see People v Thomas, 210 AD2d 736, 737-738 [3d Dept 1994] [no evidence as to what effort prosecutor made to procure attendance of unavailable witness]; People v Boyd, 189 AD2d 433 [1st Dept 1993] [People’s burden to demonstrate due diligence]). It appears that the complainant made no plans to come back to the United States until the People gave him a “firm” trial date — in other words, not, as in the cited cases, that the People were unable, despite their best efforts, to schedule trial before the witness’s departure or to secure his return. On more than one occasion, in fact, the People could have told the witness either not to leave or to return to the United States in anticipation of one of the trial dates. Due diligence requires that the People, at a minimum, undertake “credible, vigorous activity” to make the witness available (People v Figaro, 245 AD2d 300, 300 [2d Dept 1997], quoting People v Washington, 43 NY2d 772, 774 [1977]). By failing to demonstrate why the complainant went to and remained in Bangladesh, the People have failed to provide the court with sufficient evidence to conclude that his absence from the United States was an exceptional circumstance under CPL 30.30 (4) (g) (see People v Stanley, 275 AD2d 423 [2d Dept 2000] [People’s claim that victim’s 168-day stay in China for medical treatment not founded; time not excludable]).
Thus, the October 31 and November 18 statements of readiness cannot serve to toll the speedy trial clock, and the entire period from October 14 to February 3 is charged to the People. 112 days are included (People v Hamilton, 46 NY2d 932 [1979] [record does not reflect People were actually ready for trial]).
On February 3, the People announced that they were ready for trial, again with the caveat that they would need two weeks to procure the complainant’s appearance, and the case was adjourned to March 5.
On March 3, defense counsel filed the present motion, and on March 5 the case was adjourned for decision to April 24. 28 days are chargeable from February 3 to March 3 (CPL 30.30 [4] [a] [period for motion practice excluded]).
Based on this analysis, the total chargeable time is 167 days. Because this exceeds the 90-day allotment, defendant’s motion to dismiss on speedy trial grounds, pursuant to CPL 170.30 (1) (e) and 30.30 (1) (b), is granted.