THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BULLOCK, Appellant. [26 NYS3d 17]—

Judgment, Supreme Court, New York County (Richard D. Carruthers, J., at speedy trial motions; Renee A. White, J., at jury trial and sentencing), rendered April 30, 2013, convicting defendant of burglary in the third degree, grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, and tampering with a witness in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of 3 to 6 years, unanimously affirmed.

The court properly denied defendant's speedy trial motion. The period from July 11 to August 1, 2012 was excludable as an exceptional circumstance under CPL 30.30 (4) (g). The People sufficiently established that the testimony of an Assistant District Attorney was material to address the circumstances relating to a missing surveillance videotape, and that she was medically unavailable during the period at issue (*see People v Womack*, 229 AD2d 304 [1st Dept 1996], *affd* 90 NY2d 974 [1997]). Despite extensive motion practice, defendant failed to preserve the specific arguments he raises on appeal concerning two other time periods, and we decline to review them in the interest of justice. As an alternative holding, we find that each of the two periods at issue was excludable as a delay resulting from pretrial motions under CPL 30.30 (4) (a).

The court properly exercised its discretion in permitting testimony concerning the circumstances underlying the missing video, given by a store manager, who had watched the video and turned it over to police, and the Assistant District Attorney previously assigned to the case, who lost the video. This testimony was relevant to explain the absence of a videotape in a situation where one might be expected, especially since defendant had requested an adverse inference instruction related to the video (*see generally People v Scarola*, 71 NY2d 769, 777 [1988]). To the extent that defendant claims that the trial prosecutor attempted to elicit evidence from the testifying Assistant District Attorney that implicitly revealed the contents of the video, the court sustained defendant's objections before they were answered, and instructed the jury that the witness did not testify as to what she observed on the video. In any event, any prejudice was minimal because although the court had precluded testimony about the contents of the video, defense counsel elicited that information during cross-examination of the manager. Accordingly, a mistrial was not warranted. We need not decide any issues relating to the admissibility of testimony about the contents of an unavailable videotape (*see e.g. Suazo v Linden Plaza Assoc., L.P.*, 102 AD3d 570 [1st Dept 2013]).

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Acosta, Moskowitz and Gische, JJ.