*354 OPINION OF THE COURT
Althea E. Drysdale, J.
The defendant moves to dismiss the criminal action on the ground that he has been denied his statutory right to a speedy trial pursuant to Criminal Procedure Law §§ 170.30 (1) (e) and 30.30 (1) (b).
The defendant, Mohammad Rahoman, is charged with the class B misdemeanor of sexual abuse in the third degree (Penal Law § 130.55), and the class A misdemeanor of endangering the welfare of a child (Penal Law § 260.10 [1]). Accordingly, the People have 90 days to announce readiness when the most serious offense is a class A misdemeanor (CPL 30.30 [1] [b]).
A criminal action is commenced by the filing of an accusatory instrument (CPL 1.20 [17]; People v Lomax, 50 NY2d 351 [1980]). Except for periods of excludable delay (see CPL 30.30 [4]), the proscribed period continues to run until the People state their present readiness for trial (People v Kendzia, 64 NY2d 331 [1985]). The People communicate their readiness for trial by either stating that they are ready for trial in open court, or by serving and filing a certificate of readiness to both defense counsel and the court clerk (People v Sibblies, 22 NY3d 1174, 1180 [2014]; People v Kendzia, 64 NY2d 331, 337 [1985]). And, the People must actually be ready to proceed to trial at the time they state their readiness for trial (People v Sibblies, 22 NY3d 1174, 1180 [2014]; People v Chavis, 91 NY2d 500, 505 [1998]).
The defendant has the initial burden of showing the existence of unexcused delay greater than the time allowed by Criminal Procedure Law § 30.30 (1) (People v Barden, 27 NY3d 550 [2016]). Once the defendant meets his burden, the burden then shifts to the People to show that they are entitled to exclude certain adjournments as prescribed by Criminal Procedure Law § 30.30 (4) (see People v Robinson, 67 AD3d 1042 [3d Dept 2009]). Further, it is the People’s burden to make sure the record is sufficiently clear as to who is chargeable for an adjournment (id. at 1044).
Based on the parties’ submissions, and my review of the record, the defendant’s motion is granted.
The action commenced on April 7, 2016, when the defendant was arraigned. The People were not ready for trial, and the *355 case was adjourned to April 12, 2016 to convert the hearsay complaint to a nonhearsay information. Five days are included (People v Caussade, 162 AD2d 4, 8 [2d Dept 1990] [People need a valid accusatory instrument upon which the defendant may be brought to trial before they may be ready for trial]).
On April 12, 2016, the People served and filed a supporting deposition signed by the complainant, and announced that they were ready for trial. The case was adjourned to May 26, 2016 for trial. Zero days are included.
On May 26, 2016, the People were not ready for trial. The court directed the People to serve and file a certificate of readiness. The case was adjourned to July 25, 2016 for trial. There was no intervening statement of readiness. And, on July 25, 2016, again, the People were not ready for trial. The court directed the People to serve and file a certificate of readiness. The case was adjourned to September 8, 2016 for trial. There was no intervening statement of readiness.
The People argue that they should only be charged the time period from May 27, 2016 until July 12, 2016, a total of 47 days. The People contend that the period from July 12, 2016 until September 8, 2016 is excludable as an exceptional circumstance under CPL 30.30 (4) (g) because the child is a minor in the control of her parents, who sent her out of the country to visit family.
Under Criminal Procedure Law § 30.30 (4) (g), the court must exclude
“the period of delay resulting from a continuance granted at the request of a district attorney if . . . the continuance is granted because of the unavailability of evidence material to the people’s case, when the district attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available in a reasonable period.”
To invoke excludable time because of “exceptional circumstances,” the People must demonstrate “credible, vigorous activity” in pursuing their investigation (People v Washington, 43 NY2d 772, 774 [1977]). The People must show: (1) that the witness is material to their case; (2) that they exercised due diligence to obtain the witness’s testimony; and (3) that they have reasonable grounds to believe the witness will be available in a reasonable period (see CPL 30.30 [4] [g]; People v Womack, 229 AD2d 304, 304 [1st Dept 1996]).
*356 The People rely on People v Belgrave (226 AD2d 550 [2d Dept 1996]) and People v Morgan (259 AD2d 771 [3d Dept 1999]) to support the proposition that a complainant’s travel out of the country is an exceptional circumstance. But, the People’s reliance on these cases is misplaced. In Belgrave, the witness had neglected to inform the assistant district attorney (ADA) that she was going away on vacation despite the ADA’s diligent efforts to secure the witness’s attendance by making several telephone calls, leaving voice messages and sending letters to the witness’s address. In Morgan, similarly, the witness unexpectedly left the country.
Here, in contrast, the People have not alleged that the complainant was unavailable due to unexpected travel. In fact, the People were told by the complainant’s mother that she planned to send her child, the complainant, out of the country on June 22, 2016. And, this appears to be the only telephone call between the People and the complainant. Thus, the People have not shown evidence of due diligence aside from this one telephone contact (see People v Allard, 128 AD3d 1081, 1082 [2d Dept 2015] [the defendant’s motion to dismiss on the ground that he was denied his statutory right to a speedy trial should have been granted because the People failed to show that they “attempted with due diligence to make the (complainant) available”], affd 28 NY3d 41 [2016]; People v Thomas, 210 AD2d 736, 737-738 [3d Dept 1994] [no evidence as to what effort prosecutor made to procure attendance of unavailable witness]; People v Boyd, 189 AD2d 433 [1st Dept 1993] [People’s burden to demonstrate due diligence]). Due diligence requires that the People, at a minimum, undertake “credible, vigorous activity” to make the witness available (People v Figaro, 245 AD2d 300, 300 [2d Dept 1997], quoting People v Washington, 43 NY2d 772, 774 [1977]). Accordingly, the People have failed to provide the court with sufficient evidence to conclude that her absence from the United States was an exceptional circumstance under CPL 30.30 (4) (g).
For the same reasons, the court finds the argument that the complainant, as a child, is subject to the whims of her mother, unpersuasive. There does not appear to be appellate case law that addresses this issue, but the court finds People v Maisonave (189 Misc 2d 552 [Crim Ct, Queens County 2001]) persuasive. In Maisonave, the court charged the People with 60 days of chargeable time, despite their argument that such time should be excluded as an exigent circumstance under CPL *357 30.30 (4) (g) as the child complainant was not cooperative. There, the court charged the People from the time the defendant was arraigned until the time the People made “significant efforts to obtain the cooperation of the . . . guardian ad litem” (Maisonave, 189 Misc 2d at 554-555).
The People have not provided the court with any facts as to what steps they took to secure the complainant, a material witness, upon learning that the mother intended to send her out of the country (see People v Stanley, 275 AD2d 423 [2d Dept 2000] [the People’s claim that victim’s 168-day stay in China for medical treatment not founded; time not excludable]). As such, the court cannot conclude that the People acted with diligence in procuring the witness for trial. Accordingly, 105 days are included.
On September 8, 2016, the People were not ready for trial. The defendant served and filed this motion to dismiss. A motion schedule was set, and the case was adjourned to October 27, 2016 for the court’s decision. Zero days are included (CPL 30.30 [4] [a] [time for pretrial motions excludable]).
Based on this analysis, the total chargeable time is 110 days. Because this exceeds the 90-day allotment (see CPL 30.30 [1] [b]), the defendant’s motion to dismiss on speedy trial grounds is granted.