People v Ryan (2025 NY Slip Op 01954)

People v Ryan

2025 NY Slip Op 01954

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2021-03403
 (Ind. No. 1854/19)

[*1]The People of the State of New York, respondent,
v
Dennis Ryan, appellant.

Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Kim Marie Carson and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Anthony Senft, Jr., J.), rendered April 30, 2021, convicting him of criminal possession of a weapon in the second degree (three counts) and criminal possession of a weapon in the third degree (four counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials, and the denial, without a hearing, of the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was denied the statutory right to a speedy trial.
ORDERED that the matter is remitted to the County Court, Suffolk County, for a new determination of the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was denied the statutory right to a speedy trial in accordance herewith, and thereafter a report to this Court advising of the new determination, and the appeal is held in abeyance in the interim. The County Court, Suffolk County, shall file its report with all convenient speed.
On March 23, 2021, the defendant moved pursuant to CPL 30.30 to dismiss the indictment on the ground that he was denied the statutory right to a speedy trial. In support of the motion, the defendant asserted, among other things, that the People were not ready for trial within six months of the commencement of the criminal action and that the People's filing of a certificate of compliance and certificate of readiness for trial was illusory due to subsequent disclosures. At a conference on March 24, 2021, the People requested an opportunity to order transcripts and to respond to the defendant's motion in writing. Without first affording the People an opportunity to submit opposition papers to the motion or conducting a hearing, the County Court denied the defendant's motion on the record.
In felony cases, the People are required to be ready for trial within six months after the commencement of the criminal action (see CPL 30.30[1][a]; People v Allard, 113 AD3d 624). "'A defendant seeking dismissal of the indictment on speedy trial grounds under CPL 30.30 meets his or her initial burden on the motion simply by alleging that the People failed to declare readiness within the statutorily prescribed period'" (People v Brown, 214 AD3d 823, 824, quoting People v Perkins, 175 AD3d 1327, 1327; see People v Beasley, 16 NY3d 289, 292). "Once a defendant has alleged that more than the statutorily prescribed time has elapsed without a declaration of readiness by the People, the People bear the burden of establishing sufficient excludable delay" (People ex rel. Nieves v Molina, 207 AD3d 797, 798; see People v Berkowitz, 50 NY2d 333, 348-349). Moreover, [*2]"[t]he burden is on the People 'to ensure, in the first instance, that the record of the proceedings . . . is sufficiently clear to enable the court considering the . . . CPL 30.30 motion to make an informed decision as to whether the People should be charged' with any delay" (People ex rel. Nieves v Molina, 207 AD3d at 798, quoting People v Cortes, 80 NY2d 201, 215-216).
Here, the defendant sustained his initial burden on the motion by alleging that a period of unexcused delay in excess of six months had elapsed since his arraignment on the felony complaint on April 7, 2019 (see CPL 30.30[1][a]). Thus, the People had the burden of establishing excusable delay for any elapsed period of time beyond the statutorily prescribed time. However, the County Court failed to afford the People an opportunity to submit opposition papers to the defendant's motion to satisfy that burden (see People v Hancock, 161 AD2d 108; People v Torres [Andres], 63 Misc 3d 154[A], 2019 NY Slip Op 50811[U] [App Term, 2d Dept, 11th & 13th Jud Dists]). Moreover, as the People correctly concede, the record before this Court is inadequate to enable appellate review of the denial of the defendant's motion.
Accordingly, we remit the matter to the County Court, Suffolk County, to afford the People an opportunity to submit opposition papers to the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was denied the statutory right to a speedy trial, for a hearing, if necessary (see CPL 210.45), for a new determination of the defendant's motion thereafter, and for a report on the new determination. We hold the appeal in abeyance pending receipt of the County Court's report.
In light of our determination, we do not address the defendant's remaining contentions at this time.
IANNACCI, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court