OPINION OF THE COURT
Melvin D. Glass, J.
Defendant is charged with violating Penal Law § 240.25, harassment. He moves for, among other things, dismissal pursuant to CPL 30.30 on the ground that he has been denied his right to a speedy trial.
The action was commenced on August 19, 1987 with the filing of an information with the court containing factual nonhearsay allegations accusing the defendant of harassing the complainant. On the day of the filing the court issued a summons pursuant to CPL 130.10 requiring the defendant to *628 appear before the court on September 18, 1987 for the purpose of arraignment on the information. The defendant was personally served with the summons on August 25, 1987. On September 18, 1987 the defendant failed to appear and a warrant of arrest was issued pursuant to CPL 130.50. Defendant’s initial appearance before the court was on April 14, 1988, 240 days after the filing of the information.
As the defendant is charged with a violation, the People must announce their readiness for trial within 30 days, less excludable time, from the commencement of the action. (CPL 30.30 [1] [d].) The action was commenced on August 19, 1987 when the accusatory instrument was filed. (CPL 30.30 [1]; 1.20 [17]; People v Lomax, 50 NY2d 351 [1980]; People v Osgood, 52 NY2d 37 [1980].) The People have never announced their readiness for trial on the record. (People v Kendzia, 64 NY2d 331 [1985].) The People, relying on CPL 30.30 (5) (b), contend that the entire period of 240 days is excludable, as the "30.30 clock” does not begin to run until the defendant first appears in court in response to the summons. Since the People did not state their readiness on September 18, 1987, the issue in this case is even more sharply drawn. Unless the 30-day period between the filing and the return date is excludable under the provision of CPL 30.30 (5) (b) as amended by Laws of 1982 (ch 109), the court will be compelled to grant the motion to dismiss. The 1982 amendment remedied situations highlighted by the case of People v Colon (110 Misc 2d 917 [Crim Ct 1981], revd 112 Misc 2d 790 [App Term 1982], revd 59 NY2d 921 [1983]), where the CPL 30.30 time in a desk appearance ticket situation was held to start running on the date the appearance ticket was returnable. The amendment changed the law so that the "clock” does not start to run against the prosecution until the defendant first appears in court in response to the desk appearance ticket. The Legislature, at that time, did not see fit to change the law with respect to summons matters. As of 1982, CPL 30.30 time in summons cases continued to commence with the filing of an accusatory instrument.
In 1984, the Legislature (L 1984, ch 670) once again saw fit to amend the CPL 30.30 statute. It addressed itself to excludable time under subdivision (4) (c) by providing that when a bench warrant is issued pursuant to CPL 530.70, the "30.30 clock” stops running. Defendants, having been arraigned and released on their own recognizance or bail who subsequently absconded, would not be afforded speedy trial protection. The Legislature made no exclusion for a defendant who failed to *629 appear after a summons or arrest warrant was issued pursuant to the filing of an accusatory instrument.
For the foregoing reasons, the court is compelled to conclude that when an action is commenced with the filing of an accusatory instrument and a summons is issued pursuant to CPL 130.10, the time under CPL 30.30 begins to run when the accusatory instrument is filed. This decision adversely affects many pending cases where a summons has been issued and the defendant has failed to appear in court in response to the service of the summons upon him. However, to hold otherwise would require a legislative amendment to CPL 30.30 and until such legislation is passed, the court reminds the People of their obligation to communicate their readiness for trial on the record prior to the expiration of the applicable speedy trial time in order to stop the clock from running.
It should be pointed out that the issuance of a summons is analogous to the issuance of any arrest warrant whether it be as a result of the filing of a felony complaint (see, People v Pappas, 128 AD2d 556, 558, 559 [2d Dept, Mar. 1987]) or the filing of any misdemeanor accusatory instrument. It also applies when an arrest warrant is issued upon the filing of an indictment before any arrest has been made. (See, CPL 1.20 [1], [17].)
Accordingly, as the People have been charged with more than 30 days, which exceeds the permitted time under CPL 30.30 (1) (d), the motion to dismiss the information on the ground that the defendant has been denied his right to a speedy trial pursuant to CPL 30.30 is granted.