People v Williams (2026 NY Slip Op 50261(U))

[*1]

People v Williams

2026 NY Slip Op 50261(U)

Decided on February 27, 2026

City Court Of Mount Vernon

Johnson, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 27, 2026
City Court of Mount Vernon

The People of the State of New York

againstJoseph Williams, Defendant.

Docket No. CR-03020-25

Westchester County District AttorneyMount Vernon branchDaniel Harnick, Esq.Attorney for Defendant345 Bronx River Road - #4DYonkers, NY 10704

Nichelle A. Johnson, J.

Defendant is charged under Docket #03020-25 with two counts of Criminal Contempt in the Second Degree (PL 215.50 [3]) and under Docket #0321-25 with Criminal Contempt in the Second Degree (PL 215.14[3]) and Harassment in the Second Degree [PL 240.25 [1]). The matters were consolidated for trial. The People filed an initial Certificate of Compliance ("COC") and Statement of Readiness ("SOR") on July 29, 2025 for Docket #3212-25 and on August 15, 2025 for Docket # 03020-25. Supplemental COCs were filed for the consolidated Dockets on October 17, 2025 and November 17, 2025.
Defendant moves for an order striking the People's Certificate of Compliance and Statement of Readiness filed on July 29, 2025, August 15, 2025, and Supplemental COC on October 27, 2025. He also moves to dismiss the accusatory instrument pursuant to CPL §30.30.
In support of the motion, the defendant asserts that the People failed to comply with their discovery obligations and as such, the COC and SOR are illusory and that the speedy trial clock has run. Specifically, the defendant contends that the People belatedly disclosed Ring doorbell camera footage of one of the incidents and photos taken by police officers. The defendant argues that the People filed their COCs on July 29, 2025 and August 15, 2025 and Supplemental COC on October 27, 2025, and that the Ring Camera footage and photos at issue were not turned over until November 17, 2025, the day before this matter was on for a jury trial. The People also filed a Supplemental COC the same day. Defendant contends that the People failed to provide the requisite discovery as set forth in CPL § 245 in a timely manner and, as such, the People's July 29, 2025, August 15, 2025 and October 27, 2025 COCs were invalid and as such, its Statement of Readiness was illusory. As such, defendant contends that as the People's SOR was illusory, [*2]the People have failed to be ready for trial within their requisite CPL 30.30 time limit and the accusatory instruments should be dismissed.
In opposition, it is the People's position that their Certificates of Compliance are not illusory. The People argue that they exercised due diligence prior to filing the COCs and SOR. The People assert that on June 23, 2025, an email and Discovery Demand was sent to the Mount Vernon Police Department ("MVPD") requesting all discovery on Docket #3020-25. A copy of the email and Demand is attached to the papers as Exhibit 1. The People assert that on June 30, 2025 they sent an email and Discovery Demand to the Mount Vernon Police Department requesting all discovery on Docket # CR-03212-25. A copy of the email and Demand is attached to the motion papers as Exhibit 2. The People assert that they provided various discovery material to the Legal Aid Society and defense counsel on June 30, 2025, July 8, 2025, July 29, 2025, August 15, 2025; the lists include two surveillance videos, body worn cameras, and witness information. On or about July 21, 2025, the MVPD uploaded a final checklist, indicating they had turned over all discovery on Docket #3212-25. A copy is attached to the papers as Exhibit 6.
The People affirm that on October 17, 2025, while preparing for trial, they discovered an additional police report. The People provided the report to the defendant and filed a supplemental COC the same day. The People assert that while they were preparing their witnesses for jury trial on November 17, 2025, one of the witnesses provided an additional Ring camera video. Also, while reviewing the body camera footage they discovered that a police officer had taken photos of a witness. The People affirm that they immediately provided this additional discovery to defense counsel and filed the supplemental COC on November 17, 2025. 
The People argue that defendant's motion to strike is untimely pursuant to CPL 245.50 [4][c] because the motion was not made within (35) thirty-five days of service of the COC and no extension of time was granted by the Court to file the motion. This argument is without merit because the People filed newly discoverable evidence on the eve of trial and the Court granted the defendant's application to file this motion (CPL 245.50[4] [c][ii]). 
With respect to the CPL § 30.30 portion of the motion, the People affirm that there are only 8 days of chargeable time on Docket #3020-25. Thus they argue they have 82 remaining days of CPL 30.30 time on this docket. As for Docket# 3212-25, they argue that there are only 31 days of chargeable time, and 59 days of CPL 30.30 time remaining. 
An order deeming a Certificate of Compliance invalid amounts to a determination that the People's Statement of Readiness is illusory. CPL § 245 requires the People to file a certificate of compliance/statement of readiness with the court prior to announcing readiness under CPL § 30.30 (CPL § 245.50[3]; CPL §30.30[5]). In order for the People to be ready for trial, "the People must: (1) file a certificate of good faith discovery compliance; (2) file a valid statement of readiness; and (3) certify the facial sufficiency of the accusatory instrument (People v. Seymour, 2023 NY Misc. LEXIS 1943 [Dist Ct. Nassau Cty 2023] citing (People v Ramirez-Correa, 71 Misc 3d 570, 572, 142 NYS3d 783, 785 [Crim Ct., Queens Co. 2021]; see also People v Hall, CR-013437-20SU [Dist Ct., Suffolk Co. 2021, Kerr, J.]. Criminal Procedure Law § 245.50[1] defines a proper certificate of compliance, and it requires the People to certify, in good faith, two things. First, that they have exercised "due diligence" and made "reasonable inquiries" to "ascertain the existence" of discoverable material (CPL § 245.50[1]; see also People v. LaClair, 2023 NY Slip Op. 23146 [2d Dept 2023]; People v. Guzman, 75 Misc 3d 132[A] [2d Dept 2022]), and second, that they "made available all known material and [*3]information subject to discovery." (CPL § 245.50[1]; see also People ex rel. Ferro v. Brann, 197 AD3d 787, 787-88, 153 N.Y.S.3d 194 [2d Dept. 2021]). 
The CPL provides that the People shall disclose to the defense "material and information in the possession, custody or control of the prosecution or persons under the prosecution's direction or control." (See CPL § 245.20 [1)). The key question in determining if a proper COC has been filed pursuant to CPL § 245.20 is whether the prosecution has exercised due diligence and made reasonable inquiries to ascertain the existence of material and information subject to discovery (CPL § 245.50). There is no rule of strict liability, that is, the statute does not require or anticipate a perfect prosecutor. Belated disclosures do not, in and of themselves, signify that a certificate of compliance is invalid. Where the People do not make reasonable efforts, the court should strike the COC and deem the statement of readiness illusory (People v Bay, 41 NY3d at 213). Where the People made reasonable efforts but failed to disclose items of discovery, the court should impose a sanction short of dismissal (see CPL § 245.50).
Effective August 7, 2025, various statutory changes were made to CPL § 245, codifying People v. Bay. Specifically, the legislature added CPL § 245.50(5), which encourages the Court to consider the totality of the People's efforts to comply with their discovery obligations, as opposed to the People's efforts to obtain each individual discoverable item. CPL § 245.50(5)(a) details the relevant factors the Court should consider when assessing the People's due diligence including, the efforts made by the prosecution and the prosecutor's office to comply with the statutory requirements, the volume of the discovery provided and outstanding, the complexity of the case, whether the prosecution knew that the belatedly disclosed or allegedly missing material existed, the explanation for any discovery lapse, the prosector's response when apprised of any missing discovery; whether the belated discovery was substantively duplicative, insignificant or easily remedied; whether the omission was corrected; whether the prosecution self-reported the error and took prompt remedial action without court intervention; and whether the prosecution's delayed disclosure of discovery was prejudicial to the defense or otherwise impeded the defense's ability to effectively investigate the case or prepare for trial (CPL § 245.50(5). The statute clarifies that "the court's determination shall be based on consideration of all factors listed in paragraph (a) of this subdivision and no one factor shall be determinative"( CPL § 245.50(5)(b)).
Ring Camera Video Footage
In the case at bar, based upon an assessment of all the factors enumerated in CPL § 2245.50 (5)(a), the Court does not find that the belated disclosure of the Ring camera video and photos to be the result of a lack of due diligence on the part of the People warranting a finding that the COCs are invalid. The People timely sent formal demands for discovery to the MVPD police department requesting all of the required and relevant discovery in the instant case. The People received voluminous discovery from the MVPD on several occasions, which included police reports, videos, body worn camera, which were promptly disclosed to the defendant. Ring camera video footage is discoverable under CPL § 245.20 (1)(e) (g). It is undisputed that such material is automatically disclosable pursuant to CPL § 245(1)(g), if it is in the possession of the prosecution (People v Seymour, 79 Misc 3d 615 [Suffolk Co. 2023] [People's belated disclosure of Ring doorbell camera video footage in police department possession did not warrant striking the COC/SOR]. Here, however, the video footage was not in the possession of the police department or the prosecution at the time they filed their COC and supplemental COC on October 17, 2025. It is clear from the People's affirmation and the supplemental exhibits [*4]submitted to the court that the assigned prosecutor made multiple, diligent attempts to ascertain the existence of any type of video surveillance footage. Specifically, in the Demand served on the MVPD, the prosecution requested "All electronic recordings . . . and surveillance footage". The People affirm that they had conversations with the non-law enforcement witnesses on July 2, 2025, July 28, 2024, July 29, 2025 and October 17, 2025 and at no time did any of them indicate that an additional Ring camera video existed. The record reflects that one day prior to jury selection, a civilian prosecution witness appeared in response to a subpoena for trial and disclosed for the first time that she possessed Ring doorbell camera footage depicting the alleged incident. The People represent, without contradiction, that they had been in contact with their witness on multiple occasions prior to that time and that the witness never disclosed the existence of such footage. Upon learning of the footage, the People promptly obtained and disclosed it (CPL 245.60). 
The fact that the trial prosecutor first learned about new, discoverable information from several witnesses who were known to the People after they filed their COC does not, standing alone, constitute a lack of due diligence. During trial preparation, it is not unusual or surprising that, in some cases, witnesses may recall after multiple interviews discoverable information. Indeed, the discovery statute recognized that during the course of a criminal prosecution, "either the prosecution or the defendant [may] subsequently learn of additional material or information which it would have been under a duty to disclose pursuant to any provisions of this article had it known of it at the time of a previous discovery obligation or discovery order (People v Jackson, 87 Misc 3d 1220 (A) [Sup Ct. Queens Co. 2025]) (holding that belated disclosure of DMV abstract, photos discovered during trial preparation does not invalidate the COC).The Court finds that the Ring camera footage was not within the People's possession, custody or control prior to its disclosure by the witness. The People were not required to speculate as to the existence of privately owned evidence or to subpoena unknown materials absent some indication such evidence exists. Under these circumstances, the People exercised due diligence, and the late disclosure of the Ring camera footage does not invalidate the COC. Defendant argues that the surveillance footage would have been one of the main pieces of evidence at trial and would fundamentally alter how defense counsel would have conducted his cross-examination and overall presentation of the case. Although the defendant's trial has been delayed by this late disclosure, the trial was adjourned, thereby allowing the defendant the opportunity to review the discovery prior to the trial taking place. Accordingly, the Court declines to strike the COC/SOR or issue a sanction for the belated disclosure of the video, as there is no detriment or prejudice to the defendant.
Photographs
As for the photographs, it is undisputed that those items were in the custody, control and possession of the MVPD, and materials in their possession are considered within the custody and control of the People. Notably, the People discovered the missing discovery during trial preparation, not the defendant. The People concede that while reviewing BWC footage shortly before trial, an officer was observed taking photographs of a witness. Those photographs were not included in the initial discovery. It is also clear from the People's affirmation and the supplemental exhibits submitted to the court that the assigned prosecutor made attempts to ascertain the existence of any photographs. Specifically, in the discovery demands served on the MVPD, the prosecution requested "All photographs and drawings." Moreover, the photos were [*5]not reflected on any police reports. 
After a thorough review of the moving papers, court file, COC, and supplemental COC filed, the Court applied a "holistic assessment" of the People's efforts to comply with their discovery obligations, being mindful that perfection is not required (See People v Bay, 41 NY3d at 212; People v Baigorria, 2025 NY Slip Op 51837(U) [Crim Ct. New York Co 2025]). Although the case is not an overly complex one, based upon the totality of the factors set forth in CPL § 245.50(5)(a), the Court finds that the People used due diligence prior to filing its COCs and Supplemental COC on October 17, 2025.
With the COC filed on August 15, 2025 (CR# 3020-25), the People's disclosure consisted of 65 files, including police reports, police paperwork, body worn camera footage, videos, list of witnesses, and more. This court notes that turning over discovery this large shows good faith. The People also have an obligation to review their discovery. With the COC filed on July 29, 2025 (CR#3212-25), the People's disclosure consisted of 49 files, including police reports, police paperwork, 1k material. The People's initial disclosures were extensive, especially in comparison to a few belatedly disclosed photos. The "mere fact that the People have committed a discovery violation does not render the statement of readiness illusory, particularly when the People are otherwise actually ready to try the case" (People v. Deas, 2022 NY Misc. LEXIS 927 [Westchester Co. Sup. Ct. 2022]). As such, the Court finds that the belated disclosure of the photographs does not warrant striking the COC (See, People v McMahon, 237 AD3d 746 (2nd Dept 2025)(holding that belated disclosure of various police paperwork, some only discovered during trial preparation, did not invalidate the originally filed COC and make the People's SOR illusory); People v Jackson, 87 Misc 3d 1220 (A) [Sup Ct. Queens Co. 2025] (holding belated disclosure of photographs stored on officer's mobile phone discovered during trial preparation did not invalidate the COC or warrant a discovery sanction); People v Affrunti, 2025 NY Misc LEXIS 2791(Sup Ct Richmond Cty 2025)(holding that a belated disclosure of the arresting officer's bodycam video only discovered during hearing preparation did not invalidate the originally filed COC and make the People's SOR illusory); People v Ifill, 86 Misc 3d 1216(A)(Sup Ct Kings Cty 2025)(holding that belated disclosure of various discovery items, including 911 call and the bodycam video of the defendant's arrest did not invalidate the originally filed COC and make the People's SOR illusory); People v Henry, 74 Misc 3d 1230(A)(Sup Ct Richmond Cty 2022)(holding that a belated disclosure of the arresting officer's bodycam video only discovered during hearing preparation did not invalidate the originally filed COC and make the People's SOR illusory). 
The defendant must identify prejudice as a result of the belated disclosure before the court may impose an appropriate sanction (See C.P.L. § 245.80(1). The court may impose remedies and sanctions on the People for belated disclosure even when a COC was filed in good faith (see People v Rodriguez, 73 Misc 3d at 420; see also CPL 245.20 [5]; 245.80) People v. Kheir, 74 Misc 3d 712, 721). There has been no allegation by the defendant that he has been prejudiced by the delay in providing these photographs. As stated above, the trial was adjourned to afford the defendant the opportunity to review the belated discovery prior to the trial taking place. The People discovered the photographs were not disclosed and acted promptly to ensure that the additional discovery was provided as soon as possible to the defendant.
The Court finds that the People should have reviewed the body-worn camera footage earlier and that such review would likely have revealed the existence of the photographs. However, the amended CPL requires more than the identification of a discovery lapse to [*6]invalidate a COC or impose severe sanctions. Applying the holistic analysis mandated by CPL §§245.20 and 245.50(1-a), the Court finds, the lapse was not willful or in bad faith. The People made reasonable discovery requests to law enforcement, disclosure occurred promptly upon discovery, the photographs were disclosed prior to trial, defendant has failed to demonstrate actual, non-speculative prejudice. Defendant has not shown that earlier disclosure would have altered trial strategy, impaired cross-examination, or resulted in the loss of a defense. Any potential prejudice was fully cured by the timing of the disclosure and the opportunity to review the material prior to trial. Accordingly, the photographs are not precluded and shall be admissible at trial.
Speedy Trial
Defendant moves to dismiss the accusatory pursuant to CPL § 30.30 on speedy trial grounds. It is well settled that a defendant seeking a speedy trial dismissal pursuant to CPL § 30.30 satisfies his initial burden on the motion simply by alleging only that the prosecution failed to declare readiness within the statutorily prescribed time periods (People v. Goode, 87 NY2d 1045 [1996]). The burden then shifts to the People to identify the exclusions on which they intend to rely commencing from the date on which the defendant was arraigned (People v Drummond, 215 AD2d 579 [2nd Dept 1995]; People v Devore, 65 AD3d 695 [2nd Dept 2009]). With regards to excludable periods of time under CPL § 30.30, the burden is on the People to prove their entitlement to such statutory speedy trial exclusions for pre-readiness delays (People v Luperon, 85 NY2d 71 [1995]). Where adjournments are allowed at the defendant's request or with the defendant's consent, those periods of delay are expressly waived in calculating the People's trial readiness (CPL § 30.30(4)(b); People v Kopciowski, 68 NY2d 615 (1986)). Additionally, pursuant to CPL § 30.30(4)(a) reasonable periods of delay resulting from other proceedings concerning the defendant, including but not limited to motions, are excludable. The Court notes that the tolling provisions of CPL § 30.30(4) apply regardless of whether the People file a COC and announce their readiness (See People v Galante, 78 Misc 3d 31 [App Term 2nd Dept 2023](holding that CPL § 30.30(4) exclusions apply regardless of whether the People have filed a COC and announce ready); see also, People v Arellano, 22 Misc 3d 139(A) [App Term 2nd Dept 2009]; People v Ramdhani, 79 Misc 3d 1234(A)[Dist. Ct. Nassau Cty 2023]; People v David R, 93 Misc 3d 1259(A) [Crim Ct NY Cty 2024]; People v Gardner, 2024 NYLJ LEXIS 4141 [Dist Ct Nassau Cty 2025]; see also People v Bendter, 184 Misc 2d 374 [Crim Ct NY Cty 2000]; People v Jones, 151 Misc 2d 582 [App Term 2d Dept 1991]; People v Gonzalez, 181 Misc 2d 105 [Crim Ct NY Cty 1998](holding that tolling provisions of CPL § 30.30(4) apply even where there is an erroneous ruling that the People were ready including those resulting from defendant's motion practice).
The point of commencement of an action for speedy trial purposes is the filing of the first accusatory instrument (People v Lomax, 50 NY2d 351 [1980]; see also, People v. Stirrup, 91 NY2d 434 [1998]. The actual date of filing is not includable in the calculation (People v. Stiles, 70 NY2d 765 (1987)). The burden is on the People to prove their entitlement to statutory speedy trial exclusions for pre-readiness delays (People v Luperon, 85 NY2d 71 [1995]). 
Upon review of the submissions of the parties and a review of the official court file, the Court makes the following findings:
Docket #CR 3020-25
The initial felony complaint was filed on June 20, 2025. Defendant was arraigned on the felony complaint the same day. On August 7, 2025, the felony was dismissed and the People [*7]filed a superseding misdemeanor information. The People filed a subsequent superseding misdemeanor information on November 17, 2025. 
Pursuant to CPL § 30.30(7)(c), when a criminal action is commenced by the filing of a felony complaint that is later replaced by a misdemeanor information, the period applicable for determining the amount of time in which the People must be ready for trial is the period applicable to the new charges, calculated from the date of the filing of such new accusatory instrument, or six months from the filing of the felony complaint, whichever is shorter.[FN1]
In other words, where the aggregate of the period of time applicable to the new charges and the period of chargeable time already elapsed from the date of the filing of the felony complaint to the date of the filing of the new accusatory instrument exceeds six months, excluding the periods provided in CPL §30.30(4), the applicable period is six months from the filing of the felony complaint (People v. Cooper, 98 NY2d 541 [2002]; People v. Spector, 181 Misc 2d 522 [Crim Ct. NY County 1999]; People v. Hashim, 48 Misc 3d 532 [Sup Ct Kings Cty 2015] (explaining that where charges are reduced from a felony to a misdemeanor the applicable time period is the lesser of the remainder of the original six month period or the applicable period of the charge as reduced).
Upon review of the submissions of the parties and a review of the official court file, the Court makes the following findings:
On this Docket, the People filed the original accusatory instrument, that being the felony complaint, with the Court on June 20, 2025 and as such, that is the date of the commencement of the action (See People v Smietana, 98 NY2d 336 (2002); People v Hauben, 12 Misc 3d 1172A [Dist Ct Nassau 2006]; People v Griffen, 141 Misc 2d 627 [Crim Ct. Queens Cty 1988].
June 20, 2025 to August 15, 2025 (56 days)
Defendant was arraigned and the matter was adjourned to July 17, 2025 for discovery at the People's request. The matter was accelerated to June 30, 2025 following defendant's arrest on the other docket. The matter was adjourned to July 17, 2025 for discovery at the defendant's request. On July 17, 2025, defendant appeared and the matter was adjourned to August 7, 2025 for a Felony hearing. On August 7, 2025, the felony was dismissed and the People filed a superseding misdemeanor information. The People filed a Certificate of Compliance and Statement of Readiness off calendar on August 15, 2025. As the court deemed the COC and SOR filing valid, the speedy trial clock was tolled. This period of 56 days chargeable to the People. 
August 15, 2025 to October 7, 2025 (0 days)
On August 7, 2025 defendant appeared and the matter was adjourned to September 8, 2025 for discovery at the People's request. However, the People filed the COC and SOR off calendar on August 15, 2025. On September 8, 2025 defendant appeared and the matter was adjourned to October 7, 2025 for jury pre trial on consent.. On September 15, 2025 the People filed an off calendar motion to consolidate. This period is excluded.
October 7, 2025 to October 20, 2025 (0 days)
On October 7, 2025, defendant appeared and consented to having this motion consolidated with Docket# CR 3030-25. The matter was adjourned to October 20, 2025 for jury selection. The People filed an off calendar Supplemental COC on October 17, 2025. This period is excluded.
October 20, 2025 — November 5, 2025 (0 days)
Defendant appeared. Defendant requested new counsel. New counsel was appointed. The matter was adjourned to November 5, 2025 for jury pre trial on consent. This period is excluded. 
November 5, 2025 — November 17, 2025 (0 days)
Defendant appeared and the matter was adjourned for jury trial. This period is excluded.
November 17, 2025 (0 days)
Defendant appeared. The matter was adjourned to July 18, 2025 for Jury Selection. However, the prosecution filed a Supplemental Certificate of Compliance Disclosing the new discovery. Defense requested to file the instant motion and motion schedule was set. The speedy trial clock is tolled for motion practice.
Based upon the foregoing, the People are charged with 56 days post arraignment on the felony complaint and as such are within the statutory limit of 184 days as provided above. The motion to dismiss on speedy trial grounds is denied.
Docket # CR 3212-25
On Docket #3212, the misdemeanor information was filed on June 28, 2025. With respect to the defendant's CPL § 30.30 motion, the People in this case are required to be ready for trial within ninety (90) days of the commencement of the criminal action. The point of commencement for speedy trial purposes is generally the filing date of the first accusatory instrument. 
June 28, 2025 — July 29, 2025 (31 days)
Defendant appeared and was arraigned. The matter was adjourned on to June 30, 2025, July 17, 2025 and August 7, 2025 for discovery at the People's request. The People filed their COC off calendar on July 29, 2025. As the Court deemed the COC valid, the speedy trial clock was tolled. 31 days are chargeable to the People for this period.
July 29, 2029 — September 8, 2025 (0 days)
The People filed the Certificate of Compliance and Statement of Readiness off calendar on July 29, 2025 and it was deemed valid in Court on August 7, 2025. Defendant appeared on August 7, 2025 and the matter was adjourned to September 8, 2025 at the defendant's request. This period is excluded.
September 8, 2025 — October 7, 2025 (0 days)
Defendant appeared and the matter was adjourned to October 7, 2025 on consent for jury pre-trial. This period is excluded.
October 7, 2025 — October 20, 2025 (0 days)
Defendant appeared and consented to having this matter consolidated with Docket #CR 3030-25. The People filed a Supplemental COC on October 17, 2025. The matter was adjourned to October 20, 2025 for jury selection on consent. This period is excluded.
October 20, 2025 — November 5, 2025 (0 days)
Defendant appeared. Defendant requested new counsel. New counsel was appointed. The matter was adjourned to November 5, 2025 for jury pre trial on consent. This period is excluded. 
[*8]November 5, 2025 — November 17, 2025 (0 days)
Defendant appeared and the matter was adjourned for jury trial. This period is excluded.
November 17, 2025
Defendant appeared. The matter was adjourned to July 18, 2025 for Jury Selection. However, the prosecution filed a Supplemental Certificate of Compliance Disclosing the new discovery. Defense requested to file the instant motion and motion schedule was set. This period is excluded for motion practice.
Accordingly on Docket #CR 03212-25, 31 days are chargeable to the People. The Court finds that the People are within their statutory speedy trial time and defendant's motion to dismiss this accusatory instrument pursuant to CPL § 30.30 on speedy trial grounds is denied. 
This constitutes the Decision and Order of this Court.
Dated: February 27, 2026Mount Vernon, New YorkHON. NICHELLE A. JOHNSONCity Judge of Mount Vernon

Footnotes

Footnote 1:The Court notes that if the top count of an accusatory instrument is a felony, the time period is six calendar months, not 180 days. See General Construction Law § 30. As such, the six month time period may be as short as 181 days and as long as 184 days. In the case at bar, the applicable CPL § 30.30 six month time period is 184 days.